Thank you. May it please the court, my name is Lucian Gilliam. I represent Dr. DeCastro in the lawsuit against Dr. Arthur. This is here on a motion to dismiss, denial of motion to alter amend in various forms. Although there are three different lawsuits, it boils down to a breach of contract claim. And it boils down really to three issues. One, did Dr. DeCastro state a claim for a breach of contract? Two, if he did not state a claim for a breach of contract, should he have been allowed to amend? And three, should the dismissal have been without prejudice rather than with prejudice? Counsel, before you get started, I was wondering, is there anything in the record about parole evidence as to the nature and content of the contract that you brought this action on? Outside the written, did anyone offer to say, well, here was the deal and that was what we were trying to put in the writing? Other than the amended complaint and the complaint? Yeah, so I was going to ask you about that and I'm going to move on. Basically, this case never really got past a 12B6 stage. At some point, Dr., there was a motion for someone to- I'm sorry, I can't hear you. I apologize. This case never got past the 12B6 stage. Okay, that brings me to the second question. The written contract executed in the sense of signed, I guess, that you offered with your amendment, was it different from the one that you brought your action on that you showed in the first place? Well, I don't think it was, let me put it this way. I think it was different, but not all the terms that- It was dramatically different. The $650,000 wasn't there, the one-third wasn't, nothing was there. It was irreconcilable compared to what was pled. Yes, but it did talk about, basically, part of this, I think, is that Dr. DiCastro had an understanding of what his contract was, which was $650,000 and that after a year and a half- That's what I meant. You don't have anything like that in the record anywhere, right? Other than in the amended complaint and the complaint as pled in the paragraphs in the complaint. Okay. Yes, sir. You don't see $650,000 in the contract that you want to replace the one that was in the Arthur case? Right. No, sir. You don't see $650,000 in that written document, but having said that, the brief- Or do you see any reference to the percent of proceeds provision? Well, what you see in terms of that is that Dr. DiCastro's salary will be determined just as Dr. Arthur and Dr. Pace's salaries. He will pay overhead expenses on a prorated basis determined by his proportion of the revenue generated by the clinic. What was the timing? This was a five-year contract with some kind of a trigger. When the two other clinics stopped paying, their salary guarantees expired and he would continue to be employed by Hot Springs Clinic sharing the same way as the other physicians, right? That's what I read it. Yes, sir. It's basically- And how does that bear any resemblance whatsoever to the pleading in your initial complaint? Well, I think part of the issue is that people at times they sign documents and then they proceed in a different way. Well, let me back up. One of my premises, and correct me if I'm wrong, is the reason we have all this emphasis on a written contract is the statute of frauds. Statute of limitations. Well, how about the statute of frauds? Well, yes, sir. I mean- How are you ever going to get past that on an oral contract basis given the time lapse? So therefore, you logically said, I've got to have a written contract. So you pled one, but you didn't have it. That's why we're here today. Well, we do have a written contract. The problem was that our client could not find it. You never found it. Well, I mean, he did find it and attach it to a motion to alter him in that was fired late in the case. But that's not the same contract. Sir, I think part of what happened is they were proceeding- Well, I'm not sure why they couldn't. I don't know this, but maybe the statute of frauds doesn't apply to this contract. Well, it may not. So I don't know why you couldn't have brought the action on the verbal understanding. I don't know that you could have, but you've got two contracts now. Which one are we supposed to- I don't know. I'm sorry. That's the reason I asked the question. Yes, sir. And it is- Well, okay. You've got a problem. All right. I understand you're in a difficulty. You don't have a really good answer. That's fine. It's an odd situation. We submitted the contract that Dr. DeCastro found, and it was signed by Pace, Arthur, and DeCastro in 2010. Okay. Let me ask you another question, if I may. Yes, sir. Did you ever ask for an accounting? He did, yes, sir. And they just said no? Is that what happened? Is this in the record? It's in the complaint. Okay. Well, I don't want to make sure. It's alleged he didn't provide it. Right. Yes, sir. That's correct. So one difficulty I have with the opinion below is- and I think there are declarations to this effect in some of our cases and the Arkansas cases. But nevertheless, I question the statement that account is not a claim, but it's just a remedy. I mean, it is a claim. It's the duty to account gives rise, if there is a duty, the person who has that duty has to show the stuff. That is a claim. And then the remedy is, if there's a balance, you get it. That's the remedy. But the account is the claim. Yes, sir. So what's the duty to account here? Usually that arises out of some fiduciary arrangement like a trustee or partner or something like this. This was not a partnership, right? It was, well, it was a one page agreement in which they were to be paying him- I thought it was an employee. It was an employment contract, wasn't it? Right. And it was basically, you know, he's working as a doctor. He's doing a lot of procedures, billing, and basically his understanding was his production less one third of the overhead. The contract that we found, Dr. DeCastro found, indicates it's- he will pay overhead expenses on a prorated basis determined by his proportion of the revenue generated by the clinic. Can I ask you about that? So even if we get past the contract, the written contract, I read your complaint and it says- I just want to ask a couple of questions. During the course of his employment with the defendants, plaintiff never received one dime more than a salary. What is the salary? Is it the 650? Because that wasn't- It's the 650, yes, sir. Okay, so it's the 650. But then it said- it also talked about the net proceeds of the production less 33%. And then you say that they breached the agreement and he was never paid a dime more. But my question for you is, how do we know- and this gets to the accounting question- how do we know that this formula, this 33%, actually would have been more than what he was actually paid, which is 650,000? That is completely missing from the complaint. Well, and so that's going to be a multi-part answer. Okay. The first thing I would say is that we're entitled to favorable inferences and things of that nature. Now, typically the way these contracts work with doctors is that over time they're building their practice. And over time what's happening is as they get more referrals, more referral sources, more patients are performing more procedures, their revenue that they're producing increases. And so if he starts at 650 and he never gets above 650 and he's working and he's being productive, the inference is that something's wrong with how they're paying him. That they're basically not really doing this, your production, less your overhead. That may be true, but the problem is if your scenario is right, then he's actually received a windfall. And I don't understand what the breach- in other words, he would be getting 650 and say that the net proceeds yields 400,000. He would have a windfall unless the net proceeds actually exceed the salary he was paid. Right. And that's what we're saying is that with doctors what typically happens is your production in your first year, if you start with a panel of 1,000 people and you're an FP doctor, you're not really making everything you can make as an FP doctor. But by the time you get up to 1,600, 1,700 people two years later, your production is going to be significantly higher than it was. But how do we know if that's true here? I mean, my problem is you didn't really plead damages, is the problem I'm having. That's what I'm getting at, is you didn't plead damages if the salary is greater than the net proceeds formula. Yes sir, and let me put it this way. What I would say is one, I think we're entitled to the inferences that that's how things would have worked. But having said that, if you concluded that that is not how things work, the general rule in Arkansas is that amendment should be given freely unless there's a lot of delay, just repeated failure to amend properly, and none of those things existed here. We're in an early stage of the case. There was no prejudice to the defendant by allowing amendment that would be unfair in some way. There wasn't a lot of delay. This case lasted less than a year and a lot of- They couldn't plead the statute of limitations because there wasn't an inception pleaded. Well, they did plead the statute of limitations, sir, and they argued. It couldn't be determined. Let me put it this way. On a Rule 12 motion. If that's the case, we still get back to the issue of leave to amend should be granted freely unless there's undue delay. Do you know how unfavored those motions are considered in this circuit when they're post-judgment? But what we're appealing is- I probably authored five cases to that effect. Well, we're not appealing just a motion to alter or amend under Rule 59 or 60. We're also appealing the original denial or original grant of the motion dismissed. I understand. There are different questions. And so the next issue- You can't answer one by fleeing to the other. Well, I think that I can argue that the Eighth Circuit generally favors a dismissal without prejudice. We've cited cases to that effect. That's not true. That's a 50-50 proposition, basically. Okay, well, and look, the court raised some questions about the complaint didn't answer these questions. And if you look at those questions, most of those were correctable issues from the time that he left to how exactly you're concerned about overhead. And these were things that all could be fixed. It was early in the case. There would have been no prejudice. There was no undue delay. And dismissal should have either been without prejudice or amendment should have been allowed. I'm down to a minute, so I'm going to let- I've got one more question. Yes, sir. Back to Judge Arnold's concern about the accounting issue. It seems to me that that concern- To file a claim against the Bank of Ozarks account. Well, to some degree, those claims had already been dismissed, Your Honor. I beg your pardon? To some degree, those- I mean, the claim for accounting had already been dismissed at that point. No, well, that wasn't clear. That's what you're arguing. It wasn't clear that she didn't- After your client failed to make a claim for the now-disclosed funds, frankly, it's remarkable that your client didn't know about them since it was a checking account and he had signing privileges. But leave that aside. He doesn't file a claim when invited to do so. Now, the accounting claim is ripe to be dismissed on the merits. Well, but part of the problem is that because there's a duty of good faith in fair dealing and contracts, and when you have an overhead, production less overhead type agreement here, one of the implied duties there is that you're going to tell people what the overhead is, what the production is. The court didn't know that that's what the deal was because you couldn't decipher that from the complaint. Well- But there was a claim for either the remedy or the claim. Pardon? We couldn't give a specific number because we've been denied the account. I'm addressing Judge Arnold's concern that calling the accounting a remedy but not a claim, that bothered me too. But that's cured, so to speak, by inviting your client before final judgment to put in a claim against the account. Well, but for how much money? I mean, that's part of the problem, is that by denying- Just put a claim in. Now litigate it. Yeah. Okay. Mr. French? Good morning, may it please the court, I'm Nicholas French, appearing on behalf of the appellee, James Arthur, Dr. James Arthur. This court should uphold the decisions of the United States District Court for the Western District in its dismissal of appellant's claim with prejudice pursuant to Rule 12b-6 in its denial of appellant's Rule 59 motion and in its denial of appellant's Rule 60 motion and in the companion case, the dismissal of appellant's counterclaim- If you talk that fast, you might as well not be- you'll not be arguing. I apologize, Your Honor. I think it may have been some initial nerves there. The plaintiff failed to allege sufficient facts which taken as true, state a claim to relief that is plausible on its face. The appellant failed, as this court was discussing earlier, to actually allege a contract, and when appellant did actually put a contract in before the court, that contract did not contain any of the terms which were alleged in the amended complaint of the appellant. The court found that the appellant only made- Excuse me. I'm sorry to interrupt, but I guess even if there's no- there would be no prejudice shown by allowing the amendment, but the amendment really doesn't. It's got a proposed complaint attached to it, right? The motion, I mean. The Rule 59 motion. And with this new contract in it, is that right? Yes, Your Honor. So I guess what I'm working on is it doesn't really- it doesn't help because that contract itself is infirm for the same reasons as the first one was. That's correct, Your Honor. So that it's futile. That's correct. Okay, thank you. It was a futile amendment as proposed, if that is what the plaintiff appellant was proposing as his amendment to his complaint. Also, it's a great surprise, too, because it's a whole different notion. Yes, Your Honor. And on the Rule 59 motion, those serve a limited function of correcting manifest errors of law or fact. They're not to serve the purpose of tendering new legal theories or raise arguments which could have been offered or raised prior to that. You can't take Rule 59 by itself. Those post-judgment motions are always a combination of 59 and 60. Yes, Your Honor. 60B. I mean, I don't know of any case where we haven't looked at both rules because they have different permutations. And the appellant did raise a Rule 60B3 motion in which- That's the one that counts. In which he alleged that the appellee engaged in a misrepresentation or fraud by withholding the contract, that he eventually, the plaintiff appellant, eventually put forth in his motion to alter amend. Well, but this court said that was frivolous, right? Yes, Your Honor. All right, but what about the newly discovered contract as a basis for 60B relief? The court said, and cited this court, saying that a plaintiff can't meet the clear and convincing standard of 60B3 by putting in or alleging that the defendant engaged in misrepresentation or fraud by withholding a document that the plaintiff was a party to. That doesn't answer the question. Your Honor? Well, the 60B3 has nothing to do with it. I guess it's 60B6 or the newly discovered evidence subpart of 60B. I get them all mixed up. The 60B3 was misrepresentation or fraud, and that's what- You mean that was the only basis for the 60 motion? As far as I'm aware, Your Honor, and I might be mistaken on that. Well, I guess- Even- I think a district judge would not confine it to that in this situation. Even if- Why isn't the- You know, you could- Even if- Judge Arnold says that it's futile. Even if so- It's newly discovered evidence, but it's futile because it's so dramatically different than what was alleged, and it doesn't solve the problems. Even if so, Your Honor, under 60B6, I would say that it would not really- It wouldn't be newly discovered, the plaintiff- Of course it's newly- The plaintiff had access to- Wait a minute, you just made a statement of fact that's contrary to the motion. It was alleged to be newly discovered. The plaintiff had access to it the entire time by going through his own files. How do you know that? I thought the motion said it was discovered by counsel. The plaintiff had access to it if he had gone through his files. That's how it was ultimately discovered by the plaintiff. How do you know that? How does the district court know that? It was in the motion, Your Honor, that- That it was discovered in his files? That the counsel for the plaintiff got with an immigration attorney that- Well, now we're getting way far afield of just looking in his file cabinet, right? Yes, Your Honor. So you haven't explained why there was no abuse of discretion on the 60B, newly discovered. All you're doing is asserting facts that aren't in the record or going to this fraud business. That was the- From what I understood, and I would have to address the 60B-6. I can't speak to the 60B-6 right now, Your Honor, but the 60B-3, from the gist of the motion, that's what I drew from it. From the plaintiff repeatedly alleging that the defendant engaged in misrepresentation or fraud, that is what I understood the motion to be constrained to. Where was the false denial of a written contract when all we'd had was a Rule 12B-6 decision? Was that chit-chat between the lawyers behind the scenes or what? The defendant denied that a written contract- At one point, the defendant denied that a written contract- In which case? In the contract case brought by the plaintiff against the defendant existed between the parties with the terms as alleged. Didn't you move pre-answer? Sure. I don't have the exact garbage or where the statement appeared before me, Your Honor. My reaction was both briefs did a very poor job of giving us the procedural and factual background. And this is just confirming it. I apologize, Your Honor. No, you know, that's- But we have to play the hand we're dealt. Let me ask you about this. There's a field there from the contribution action, right? Yes, Your Honor. I wonder about- That was dismissed, that complaint was dismissed without prejudice, isn't that right? Yes, Your Honor. So I'm wondering, do we have jurisdiction over this? Sometimes we're a little bit skeptical about using that as a device to get a review. Sort of because it might refile it. It might be refiled rather. I wonder if you have a- This is a- I realize the question out of the blue because no one's raised a jurisdictional issue. Maybe there isn't one, but we have a duty, as you know, to look into that. Sui sponte. I wonder if you have any thoughts on it. If you don't, as I said, no one has raised the issue and I may be super cautious here on this. I actually don't have any thoughts on that, Your Honor. I apologize for that. Is there now a final order in the case that was started by your client? We- Dr. DiCastro's counterclaim was dismissed, percent to res judicata, and then our client voluntarily dismissed his complaint. Without prejudice. Without prejudice. And is that even on appeal?  That was not a final order. As you just explained. You folks took three cases and threw them in a pile and then say, here, sort it out. Okay. So where was the contribution? The contribution claim was the counterclaim, right? Contribution case was a separate case that involved a counterclaim. Your client suing, or no, Pace, that was settlement of the Pace case. Yes, Your Honor. Yes, Your Honor. And then a fight between the two settling parties over who pays what. Yes, Your Honor. And that was where the counterclaim was dismissed. Yes, Your Honor. And how do we have jurisdiction over appealing that, which was a non-final order when it was entered? The judgment was entered because the complaint was dismissed. The complaint was dismissed, yes, Your Honor. So an order was entered, a judgment, dismissing the complaint, right? Yes, Your Honor. So that's the order that you're appealing from, right? We're not appealing, Your Honor. I'm sorry. No, but we got Rule 54. It's being appealed from. Yes, Your Honor. So my question was, that was without prejudice, right, that dismissal? Isn't that right? Rule 54. I'm pretty sure it is. At least so, Your Honor. But when it was entered, the counterclaim dismissal, if there wasn't a Rule 54B determination, then it wouldn't, even if it was entered as a judgment, it wasn't a final order because we still had the main claim, your client's claim. So then that gets dismissed without prejudice. But everybody seems to think that's not on appeal. The only appeal is from the counterclaim dismissal. This just makes . . . I know. I understand why the district court struggled with this procedurally. Your Honor, on . . . I'd just like to conclude with the district court did not abuse its discretion in denying appellant's motions under Rule 59 and 60. And for the foregoing reasons, I'd ask that this court affirm the decisions of the Western District of Arkansas. Thank you. Thank you. Thank you. I'll give you a minute to respond for rebuttal, Mr. Killam. Yes, sir. I think . . . My client sued Dr. Arthur in the Eastern District of Arkansas. I can't . . . Counsel, I'm sorry, I can't hear you. My client sued . . . just going to the issues you were just raising, just to try to provide an explanation. My client sued DeCastro . . . Dr. Arthur in Eastern District of Arkansas. Their client, Arthur, sued DeCastro in Garland County and got removed to the Western District of Arkansas. That was the claim for contribution. My client, at that time, raised a counterclaim, which was also his original claims. The counterclaim, which is also his original claims, I mean the same thing, was dismissed with prejudice and that's what we're appealing. After that counterclaim of Dr. DeCastro was dismissed with prejudice, they then moved to dismiss their claim for contribution . . . Why do we have jurisdiction over the partial final order? Well, I think it's finalized to our clients on that particular case. Now, having said that, there are two other cases . . . That's why we have Rule 54B. You're supposed to go to the district court and get a determination that it's appropriate to enter a final order with respect to less than all the claims of all the parties. Yes, sir. But, in any event, I think you would have jurisdiction over the other original case. Well, were they . . . Okay, when the bank interpleaded the funds, then your case went to the Western District. That's correct, sir. But, were they consolidated? We moved to consolidate them. That motion was denied. But, we did move to consolidate them. Yes, sir. Now, did Judge Hickey decide both? She . . . Yes. Did she dismiss the counterclaim in one case? Yes, sir. That's correct. And then, dismissed your . . . Original claim before that, I think. Okay. I apologize for the confusion. Thank you. Thank you, Counsel. The case has been thoroughly briefed. And, the argument's been at least . . . some clarification, I think considerable. And, we appreciate that. We'll take it under advisement. Thank you. Thank you.